ter of Budlong, 126 N. Y. 423; Sulton v. Ray, 72 Id. 482; Burger v. Burger, 111 Id. 523; Matter of Mahoney, 60 Hun, 579; Dack v. Dack, 84 N. Y. 663; Van Ornam v. Van Ornam, 58 Hun, 606; Matter of Martin, 98 N. Y. 193; Matter of Hunt, 110 Id. 278; Valentine v. Valentine, 41 Hun, 642; Matter of Elliott, 19 W. Dig. 231; Matter of Smith, Id. 252; Matter of Cottrell, 95 N. Y. 329.

MARY E. SANGER, Appellant, v. JOHN C. MERRITT, JR., et al., as Executors, etc., et al., Respondents.

Court of Appeals, March 1, 1892.

1. *Evidence. Recitals.*—Recitals in an instrument, not witnessed or acknowledged, that the parties thereto are subscribers and proprietors of a certain tract of land, are not evidence of title against a person, who is not in privity with the parties who executed it, but is in by virtue of a hostile possession.
2. *Partition. Parol.*—Where no act of exclusive ownership or dominion is shown, no actual possession proven nor any claim of title even asserted, no such an entry upon, nor exclusive possession of, the premises is established as is necessary to render valid a parol partition thereof.

Appeal from judgment of the supreme court, general term, second department, affirming judgment dismissing plaintiff's complaint.

*Joseph H. Choate*, for appellants.

*Thomas Young*, for respondents.

MAYNARD, J.—The plaintiff seeks to recover the possession of 259 acres of pine brush land, in what is known as the third division of the Baiting Place Purchase, in the town of Babylon, formerly Huntington, in the county of Suffolk. The defendant puts the plaintiff's title in issue and alleges title in himself by adverse possession. Both parties concede that, by virtue of certain royal or colonial grants, the title was originally vested in the town of Huntington in its corporate capacity. The plaintiff claims that

in 1793, one John Hartt became seized of the lands, and that by sundry *mesne* conveyances she has succeeded to his right of possession.

When the case was before this court upon a former appeal, 120 N. Y. 109; 30 St. Rep. 870, it was held that the plaintiff had failed to show title in Hartt from the town of Huntington, principally because the allotment of 1793, under which she claimed, was void for want of conformity to the requirements of chap. 44 of the Laws of 1787, entitled " An act for the prevention of frauds." It was also held that Hartt's title could not be supported upon the theory that he was one of the proprietors of the land and that the allotment vested the legal title in him through a partition between the owners, for the reasons : *First.* That there was no evidence that he was one of the proprietors or even a freeman of the town before the allotment. *Second.* That the so-called partition was not in accordance with the statutes then in force regulating partitions; and, *Third.* That the allotment would not operate as a valid parol partition, unless the allottee had taken exclusive possession of the land under it; of which there was no evidence whatever.

Tested by these rules, it is apparent that the plaintiff failed upon the trial now under review to make good her title, and her complaint was properly dismissed. No such conveyance from the town of Huntington as the statute of frauds required was shown. But the plaintiff insists that title to the tract, of which these lands are a part, was shown to be in John Hartt and others, as tenants in common, and that a valid parol partition between him and his co-tenants has been established. It is difficult to see, from the proofs in the case, how this contention can be upheld. It is evident that John Hartt was not one of the original proprietors of the town or of these lands, but it is sought to invest him with all the rights of a proprietor because of a devise to him of some lands in the " Baiting Place Purchase " in the will of his father, Cornelius Hartt, which was made and probated

in April or May, 1794. But there is no evidence that the father was one of the proprietors; nothing but a written instrument, dated May 28, 1767, produced from the records of the town clerk's office, signed and sealed by Cornelius Hartt, and twenty-three others, not witnessed or acknowledged, in which they recite that they are the subscribers and proprietors of a tract of land in the Baiting Place Purchase. These recitals are not evidence of title against the defendant. Hardenburgh v. Lakin, 47 N. Y. 109. The same is true of the other instruments upon which plaintiff relies. The defendant is not affected by their contents, as he is not in privity with the parties who executed them, but is in by virtue of a hostile possession.

The plaintiff also failed to show any such entry upon, and exclusive possession of, the premises in dispute by John Hartt as are necessary to render valid a parol partition thereof. No act of exclusive ownership or dominion is referred to; no actual possession proven; no claim of title even asserted. All that is shown is a receipt from the surveyor that on November 26, 1793, John Hartt paid sixteen shillings on account of some survey; but whether of these lands or of others, which appear in the same book, is left to conjecture.

As the record does not disclose any material fact which impairs the force or application of the former decision in this case, the judgment appealed from must be affirmed, with costs.

All concur.

---

NOTE.

As to recitals as evidence, see Edwards v. Schoharie Co., Nat. Bk., 47 Hun, 469; Moore v. Met. Nat. Bk., 55 N. Y. 41; Gilman v. Healy, 46 Hun, 310; Foote v. Beecher, 78 N. Y. 155; Fuchs v. Devlin, 58 Hun, 610; Slatterly v. Schwannecke, 44 Id. 75; Warner v. Warner, 18 Abb. N. C. 151; Petrie v. Folz, 10 N. Y. St. Rep. 451; Agricultural Ins. Co. v. Bernard, 96 N. Y. 526; Nostrand v. Wright, 94 Id. 31; Titus v. Fairchild, 49 Supr. 211; Meigs v. Willis, 5 Civ. Pro. 106; 66 How. 466.